WOOD CRAPO LLC
Richard J. Armstrong (Idaho Bar No. 5548)
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
www.woodcrapo.com

U.S. COURTS

2005 JUL 28  AM 10: 40

REC'D_____FILED_____
CAMERON S. BURKE,
CLERK            IDAHO

Attorneys for Defendant Albertson's, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO, SOUTHERN DIVISION

| | |
|---|---|
| REBECCA ARNOLD | ) |
| Plaintiff, | ) *NOTICE OF REMOVAL* |
| v. | ) Civil No. **CIV 0 5 - 3 0 9 - S - EJL** |
| ALBERTSON'S, INC., a Deleware Corporation, | ) Judge _____ |
| Defendant. | ) |

Defendant Albertson's, Inc., ("Albertsons"), pursuant to 28 U.S.C. §§ 1441 and

1446, hereby files this Notice of Removal of the above-described action to the United States

District Court for the District of Idaho, Southern Division, from the District Court of the Fourth

Judicial District of the State of Idaho, in and for the County of Ada, where the action is now

pending and states:

       1.     The above-entitled civil action was filed in the District Court of the Fourth

Judicial District of the State of Idaho, in and for the County of Ada, on July 15, 2005, and is now

pending in that court.

2.      Albertsons was served with the Summons and Complaint for this case on July 15, 2005.

3.      Albertsons is the sole defendant in this action.

4.      Albertsons is a Delaware corporation with its principal place of business in Idaho.

5.      Thirty days have **not** elapsed since Albertsons was served with process and thus this notice of removal is timely under 28 U.S.C. § 1446(b).

6.      Plaintiff Rebecca Arnold's Complaint is a civil action raising allegations that Albertsons engaged in unlawful employment discrimination on the basis of disability and gender. *See* Complaint ¶¶ 10-12, 14, 18-19 and 22-23  attached hereto as Exhibit D.

7.      Plaintiff Rebecca Arnold's Complaint also raises allegation of sexual harassment, retaliation and violations of the federal Family and Medical Leave Act. *See* Complaint ¶¶ 10, 13, 15-18, 21-23, Exh. D.

8.      In Plaintiff's Complaint, Plaintiff asserts claims for alleged violations of the Americans With Disabilities Act (Count 1), the Family and Medical Leave Act (Count 5), and Title VII anti-discrimination provisions (Count 6). *See* Exh. D.  3.

9.      Plaintiff's Complaint raises federal claims by means of notice pleading for alleged unlawful employment discrimination and retaliation under the federal civil rights statutes.

10.      Consequently, the United States District Court for the District of Idaho has subject matter jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's federal claims asserted in Plaintiff's Complaint. *See* Exh. D.  Accordingly, Defendant Albertsons removes this case

pursuant to 28 U.S.C. § 1441(b) as "arising under the Constitution, treaties or laws of the United States."

11.    Albertsons files with this notice a copy of all process, pleadings, and orders served upon defendant in this action as required by 28 U.S.C. § 1446(a). These documents are attached hereto as Exhibits A through D, and include the state court's docket sheet, an affidavit of service dated July 15, 2005, a 20-day summons, and the complaint, respectively.

12.    Albertsons will give written notice of the filing of this notice to all adverse parties as required by 28 U.S.C. § 1446(d).

13.    A copy of this notice will be filed with the clerk of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Albertsons requests that this action proceed in this Court as an action properly removed to it.

DATED this 27th day of July, 2005.

WOOD CRAPO LLC

Richard J. Armstrong
Attorneys for Defendant

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of July, 2005, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was mailed in the U.S. mail, postage prepaid, to the following:

> Rebecca Arnold
> 3413 N. Cole Rd., #210
> Boise, ID 83704
>
>
> *Plaintiff, in pro per*
>
> J. David Navarro
> CLERK OF COURT
> Ada County Courthouse
> 200 W. Front Street
> Boise, Idaho 83702-7300
>
> (w/o exhibits)

S:\WPDATA\PLEADING\ALBERTSONS.ARNOLD.NOTICE OF REMOVAL.wpd

# EXHIBIT A

```
D35                          REGISTER OF ACTIONS    INQUIRY               Cmd1 Menu
Case: CV OC 05 05226                                                       Help
        ARNOLD vs ALBERTSONS INC
    Date      Jdg Code ------------------- Entry ------------------- User ID Class
07 15 2005 182 NEWC NEW CASE FILED........................... CCEARLJD   Y
07 15 2005 182 A1   CIVIL COMPLAINT, MORE THAN $1000,........ CCEARLJD
07 15 2005 182      NO PRIOR APPEARANCE.................... CCEARLJD
07 15 2005 182 SMFI SUMMONS FILED.......................... CCEARLJD
07 15 2005 182 AFOS AFFIDAVIT OF SERVICE .... 7-15-05........ CCEARLJD
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .


MODE IS INQUIRY, ENTER CASE# OR USE CMD KEYS BELOW
    Cmd2 Update      Cmd9  Case          Cmd16 Scheduling        Cmd24 Delete
    Cmd3 Add         CMD13 Last Screen   Cmd17 Hearing Results   ROLL Page
```

# EXHIBIT B

 

NO. _____ FILED _____
A.M. _____ P.M. 3:03

**JUL 15 2005**

J. DAVID NAVARRO, Clerk
By _____
DEPUTY

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

REBECCA ARNOLD,

   Plaintiff,

-vs-

ALBERTSON'S, INC., a Delaware corporation,

   Defendant.

Case No. _CV OC  050 5226_

**AFFIDAVIT OF SERVICE**

FOR: Rebecca Arnold
   3413 N. Cole Rd., #210
   Boise, Idaho 83704

STATE OF IDAHO )
       )  ss.
County of Ada   )

  I, _John Wood_ , being first duly sworn, depose and say that on Friday, July 15, 2005, at _2:35_ PM, I **SERVED** the within named **Albertson's Inc.** by delivering a true copy of the **Summons and Complaint** to _Maggie Taylor, Legal Dept._ , on behalf of Charles F. Cole, registered agent of Albertson's Inc. Said service was effected at **250 Parkcenter Blvd., Boise, Idaho 83706.**

   I hereby certify and acknowledge that I am an Idaho resident in the county in which service was effected and that I am over the age of Eighteen years and not a party to the action.

   DATED This _15th_ day of July, 2005.

          _____

   SUBSCRIBED AND SWORN to before me this _15th_ day of July, 2005.

          _____
          Notary Public for Idaho
          My Commission Expires: _7/13/07_

AFFIDAVIT OF SERVICE     **Page 1**

# EXHIBIT C

Sharyn Thurston
h. fuller 7/19/05
COPY

NO.

A.M. _____ P.M. _____

JUL 15 2005

J. DAVID NAVARRO, Clerk
By J. EARLE
DEPUTY

# THOMAS F. NEVILLE

### THIS DOCUMENT MAY REQUIRE IMMEDIATE ATTENTION
If you have any questions on how to handle this document, call Melanie (208/395-5996) in Albertson's Legal Department

---

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| REBECCA ARNOLD,<br><br>Plaintiff,<br><br>-vs-<br><br>ALBERTSON'S, INC., a Delaware corporation,<br><br>Defendant. | Case No. **CV OC 0505226**<br><br>**SUMMONS** |

---

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF**. THE COURT MAY ENTER JUDGEMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO: ALBERTSON'S INC., a Delaware corporation, and its registered agent Charles F. Cole

250 Parkcenter Blvd., Boise, Idaho

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this Summons on you. If you fail to so respond, the court may enter judgment against you as demanded by the Plaintiff in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer, it must contain admissions or denials of the separate allegations of the Petition and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to Plaintiff, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 15th day of July, 2005.

CLERK OF THE DISTRICT COURT

**J. DAVID NAVARRO**

By: J. EARLE _____

Deputy

SEAL

# EXHIBIT D

C O P Y

NO. _____
                      FILED
A.M. _____   P.M. _____

JUL 15 2005

J. DAVID NAVARRO, Clerk
By J. EARLE
        DEPUTY

JURY TRIAL REQUESTED

Rebecca Arnold
3413 N. Cole Rd., #210
Boise, ID 83704
208 841-2530

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| REBECCA ARNOLD,<br><br>                 Plaintiff,<br><br>-vs-<br><br>ALBERTSON'S, INC., a Delaware<br>corporation,<br><br>Defendant. | Case No. CV OC 0505226<br><br>**VERIFIED COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW, REBECCA ARNOLD, the above-named Plaintiff, and for cause of action

against Defendant, ALBERTSON'S, INC., a Delaware corporation, and hereby COMPLAINS AND

ALLEGES as follows:

## PARTIES

1.  Plaintiff Rebecca Arnold is currently a resident of Ada County, Idaho.

2.  Plaintiff Rebecca Arnold was, at all relevant times mentioned herein, a resident of Boise, Ada

County, Idaho.

3.  Defendant Albertson's, is, and at all relevant times mentioned herein was, a corporation

organized under the laws of the State of Delaware, is registered under filing number C41281 with the

Idaho Secretary of State, and is authorized to conduct business in the State of Idaho, with its

principal place of business in Idaho located in Boise, Ada County, Idaho (hereinafter "Albertson's"

or Defendant").

4.  That this is a civil action over which the Court has jurisdiction, pursuant to I.C. § 5-404.

5. Albertson's is an employer within the meaning of the Idaho Human Rights Act, Idaho Code § 67-5902(6) and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* and other statutes.

6. Albertson's employs between 5000 and 30,000 employees.

7. The matter was timely filed with the Idaho Human Rights Commission and the Equal Employment Opportunity Commission (EEOC). Ms. Arnold received a Notice of Right to Sue from EEOC and Idaho Human Rights Commission less than ninety days ago.

## GENERAL ALLEGATIONS

8. At the time of her termination, Ms. Arnold had been employed by Albertson's for approximately 9 years, beginning in 1994, as an attorney.

9. Ms. Arnold's job reviews and performance evaluations were always satisfactory during her employment with Albertson's.

10. Ms. Arnold informed Albertson's Human Resources Department of her medical diagnosis and took twelve weeks of medical leave under the Family Medical Leave Act ("FMLA") based upon her physician's diagnosis and orders, returning to work on or about August 11, 2003.

11. During Ms. Arnold's medical leave, Defendant Albertson's refused to pay sick pay/disability benefits to Ms. Arnold which were due and payable pursuant to Defendant's policies and the terms of Ms. Arnold's employment agreement with Defendant.

12. During Ms. Arnold's FMLA medical leave, Ms. Arnold's supervisor, Lee Mumford called Ms. Arnold at home and was angry that she was out of the office. Mr. Mumford demanded specifics of her medical condition and when she would return to work and demanded that she discuss specific status of transaction files to which she did not have access.

13. Ms. Arnold's supervisor, Mr. Mumford, engaged in numerous incidents of behavior which Ms. Arnold believed to constitute sexual harassment over a period of years, including an incident of

inappropriate touching and comments that occurred in May, 2003, a few days prior to the beginning of Ms. Arnold's FMLA leave.

14. Ms. Arnold had also apprised Mr. Mumford in 1999 and thereafter that Defendant Albertson's was discriminating against her as to pay scale and promotion based upon her gender and Mr. Mumford repeatedly and angrily denied the accuracy of the information that Ms. Arnold had as to pay and benefits compared to her male counterparts.

15. After Ms. Arnold's return to work in August, 2003, Mr. Mumford made inaccurate negative statements regarding Ms. Arnold's performance, which Ms. Arnold believes was retaliation against her primarily for taking leave under the FMLA and for rejecting sexual advances that Mr. Mumford had made toward her.

16. Ms. Arnold had observed Defendant Albertson's handling of sexual harassment complaints during her employment and reasonably believed she would be subjected to retaliation if she reported Mr. Mumford's actions.

17. Ms. Arnold did report Mr. Mumford's sexual harassment to Albertson's Human Resources Department in October, 2003 and Ms. Arnold's employment was terminated within days after the report, prior to Defendant's completion of its investigation of the complaint.

18. Upon Ms. Arnold's return to work in August, 2003 following FMLA leave, Ms. Arnold requested that Albertson's make reasonable accommodations under the Americans With Disabilities Act ("ADA") for Ms. Arnold's disability. Although Albertson's agreed to make the requested accommodations without a formal determination of disability under the ADA, Albertson's failed to make the agreed upon accommodations.

19. Ms. Arnold's medical providers provided documentation of Ms. Arnold's medical status and disability to Albertson's Human Resources Department immediately prior to, and after, Ms. Arnold's

FMLA leave. Defendant Albertson's failed to safeguard Ms. Arnold's medial information from unauthorized disclosure.

20. On or about October 10, 2003, Albertson's terminated Ms. Arnold's employment claiming that her employment was terminated as part of a general lay-off. Albertson's retained employees who were not part of a protected age category and who performed the same duties as Ms. Arnold.

21. Documentation provided to Ms. Arnold as part of the general lay-off indicate that Ms. Arnold was added to the lay-off list after October 8, 2003 after Ms. Arnold's report of the sexual harassment.

22. On or about October 10, 2003, Albertson's terminated Ms. Arnold's employment because of her diagnosis, which Albertson's perceived as a disability; because of her exercise of FMLA leave; because of her complaint that she had been sexually harassed; because of her complaint regarding lack of equal pay and benefits based upon her gender; and/or because of her complaint that Albertson's had failed to pay sick pay/disability benefits during her FMLA leave.

23. During her entire time as an employee of Albertson's, Ms. Arnold was qualified to perform the jobs and received satisfactory evaluations regarding her job performance.

24. This pleading is intended only as a notice pleading to put Defendant on notice of the claims against Defendant and is not intended to include complete facts and circumstances in connection therewith, which will be presented during trial. Defendant is aware of additional facts and circumstances in connection with the claims against Defendant.

## COUNT ONE
### Disability Discrimination in Violation of the American's With Disability Act, 42 U.S.C. 12101 et. seq. and the Idaho Human Rights Act

25. The allegations set forth in Paragraphs 1 through 24 of this Complaint are realleged in this Paragraph as if fully set forth in their entirety herein.

26. At the time of her termination, Ms. Arnold had, or was regarded as having, a disability within the meaning of the American's with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*

27. At the time of her termination, Ms. Arnold had, or was regarded as having, a disability within the meaning of the Idaho Human Rights Act, Idaho Code §§ 67-5901 through -5912.

28. Defendant Albertson's was aware of Ms. Arnold's disability at the time of her termination.

29. Despite Ms. Arnold's disability, or perceived disability, Ms. Arnold was otherwise qualified to perform the essential functions of her job with Defendant Albertson's.

30. Defendant Albertson's decision to terminate Ms. Arnold was motivated by Ms. Arnold's disability and was in violation of the ADA.

31. Albertson's decision to terminate Ms. Arnold was motivated by Ms. Arnold's disability and was in violation of the Idaho Human Rights Act.

32. As a direct and proximate result of the acts or omissions of Albertson's, Ms. Arnold has suffered general damages, loss of earnings, emotional damages, and punitive damages in an amount to be proven at trial, but which amount exceeds Twenty Five Thousand Dollars ($25,000).

33. Ms. Arnold reserves this Paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

### COUNT TWO
#### *Wrongful Discharge*

34. The allegations set forth in Paragraphs 1 through 24 of this *Complaint* are realleged in this Paragraph as if fully set forth in their entirety herein.

35. The Idaho Human Rights Act, Idaho Code §§ 67-5901 through -5912 establishes that is the public policy of the State of Idaho to protect and safeguard the right of all persons to seek, obtain and hold employment without discrimination on account of disability.

36. The actions of Albertson's in discharging Ms. Arnold on the basis of disability, her age and her exercise of leave pursuant to the Family Medical Leave Act constitute a tortious act in violation of the public policy of the State of Idaho.

37. As a direct and proximate result of the acts or omissions of Albertson's, Ms. Arnold has suffered general damages, loss of earnings, emotional damages, and punitive damages in an amount to be proven at trial, but which amount exceeds Twenty Five Thousand Dollars ($25,000).

38. Ms. Arnold reserves this Paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT THREE
### *Intentional and/or Negligent Infliction of Emotional Distress*

39. The allegations set forth in Paragraphs 1 through 24 of this *Complaint* are realleged in this Paragraph as if fully set forth in their entirety herein.

40. As a direct and proximate result of Albertson's intentional, reckless and/or negligent conduct, as alleged hereinabove, Ms. Arnold has incurred severe mental suffering, manifested by substantial loss of sleep, headaches, stress disorders and/or other physical symptoms.

41. As such, in addition to the relief requested herein, Ms. Arnold is entitled to recover monetary damages representing fair and reasonable compensation for the emotional distress suffered by Ms. Arnold as a result of the wrongful conduct alleged hereinabove in an amount to be proven at trial.

42. Ms. Arnold reserves this Paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT FOUR
### *Breach of Implied Covenant of Good Faith and Fair Dealing in Employment Contract*

43. The allegations set forth in Paragraphs 1 through 24 of this *Complaint* are realleged in this Paragraph as if fully set forth in their entirety herein.

44. There existed an implied covenant of good faith and fair dealing in Ms. Arnold's employment agreement with Albertson's.

45. By terminating Ms. Arnold because of her disability and her exercise of Family Medical Leave Act leave, Albertson's breached the covenant of good faith and fair dealing implied in Ms. Arnold's employment agreement with Albertson's.

46. Albertson's conduct was intentional.

47. As a direct and proximate result of the acts or omissions of Albertson's, Ms. Arnold has suffered general damages, loss of earnings, emotional damages, and punitive damages in an amount to be proven at trial, but which amount exceeds Twenty Five Dollars ($25,000).

48. Ms. Arnold reserves this Paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT FIVE
### *Violation of the Family Medical Leave Act*

49. The allegations set forth in Paragraphs 1 through 24 of this *Complaint* are realleged in this Paragraph as if fully set forth in their entirety herein.

50. Albertson's decision to terminate Ms. Arnold was motivated by Ms. Arnold's exercise of leave under the FMLA, was retaliation and was in violation of the FMLA.

51. Albertson's conduct was intentional.

52. As direct and proximate result of the wrongful actions of Defendant, Ms. Arnold is entitled to general damages, loss of earnings, and emotional damages in an amount to be proven at trial, but which amount exceeds $25,000.00.

53. Ms. Arnold is further entitled to recover attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code §§ 12-120, 12-120(3), 12-121, 67-5701, *et seq.*, and other applicable state or federal law.

## COUNT SIX
### *HARASSMENT AND RETRIBUTION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND THE IDAHO HUMAN RIGHTS ACT*

54. The allegations set forth in Paragraphs 1 through 24 of this *Complaint* are realleged in this Paragraph as if fully set forth in their entirety herein.

55. During the course of her employment with Defendant, Ms. Arnold was subjected to a hostile and offensive work environment in violation of the Idaho Human Rights Act and Title VII of the Civil Rights Act of 1964.

56. Ms. Arnold was then wrongfully terminated during the pendency of the investigation of her sexual harassment complaints.

57. As direct and proximate result of the wrongful actions of Defendant, Ms. Arnold is entitled to general damages, loss of earnings, and emotional damages in an amount to be proven at trial, but which amount exceeds $25,000.00.

58. Ms. Arnold is further entitled to recover attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code §§ 12-120, 12-120(3), 12-121, 67-5701, *et seq.*, and other applicable state or federal law.

## ATTORNEY FEES

59. Ms. Arnold is entitled to recover attorney fees and costs incurred in prosecuting each Count of this action pursuant to Idaho Code §§ 12-120, 12-120(3), 12-121, 67-5701, and other applicable state and federal law.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Arnold prays for relief as follows:

1. For an award to Ms. Arnold for compensatory damages against Albertson's, for disability discrimination in violation of the ADA, for age discrimination, for violation of the FMLA

and for violation of the Idaho Human Rights Act in an amount to be proven at trial, but which exceeds Twenty Five Thousand Dollars ($25,000);

2. For an award to Ms. Arnold for compensatory damages against Albertson's, for the wrongful termination of Ms. Arnold in violation of the public policy of the State of Idaho in an amount to be proven at trial, but which exceeds Twenty Five Thousand Dollars ($25,000);

3. For emotional distress damages in an amount to be proven at trial;

4. For an award of Ms. Arnold's attorney fees incurred in prosecuting this action, pursuant to Idaho Code §§ 12-120, 12-120(3), and 12-121, and all other applicable state and/or federal laws;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Arnold hereby demands trial by a jury composed of no less than twelve (12) persons on all issues so triable, pursuant to F.R.C.P. 38(b).

DATED this 15th day of July, 2005.

Rebecca Arnold

## VERIFICATION

STATE OF IDAHO  )
                )   ss.
County of Canyon )

Rebecca Arnold, being first duly sworn, deposes and says that he is the Plaintiff in the above-entitled matter, has read the foregoing VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL and verifies that the matters therein stated are true and correct, and as to those matters stated and information and belief, believes them to be true.

DATED This 15th day of July, 2005.

_____
Rebecca Arnold

SUBSCRIBED AND SWORN to before me this 15th day of July, 2005.

JIM L. CRAWFORD
NOTARY PUBLIC
STATE OF IDAHO

_____
Notary Public for Idaho
My Commission Expires: 9-2-09

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**                    Page 10 of 10